(21 Misc. Rep. 508.)

## TOWN OF NORTH HEMPSTEAD v. GALLAGHER.

(Supreme Court, Trial Term, Queens County.  October 23, 1897.)

TOWNS—DISPOSITION OF LANDS—DELEGATION OF AUTHORITY.

The town of North Hempstead is a part of the original town of Hempstead, which had no statutory origin, but was created a body politic, and at the same time vested with title to lands, by a patent from the colonial government, afterwards confirmed by First Const. art. 36. *Held*, independent of statute, as well as under 1 Rev. St. (9th Ed.) p. 733, § 24, subd. 4 (Town Law, § 24), authorizing electors, in regular town meeting assembled, to "take measures and give directions for the exercise of their corporate powers," that the power of such town to lease its common lands may be delegated to commissioners appointed by regular town meeting.

Ejectment by the town of North Hempstead against John Gallagher. Commissioners appointed by regular town meeting, and empowered to lease the common lands of the town, leased the land in question to the defendant.   It is claimed that such delegation of power was beyond the power of a town meeting, and that therefore the lease is void.   Judgment for defendant.

Townsend Scudder, for plaintiff.

A. N. Weller, for defendant.

GAYNOR, J.   The plaintiff, the town of North Hempstead, in Queens county, is a part of the original town of Hempstead, the division having been made in 1784 by the legislature in pursuance of a petition of the inhabitants.   Its corporate capacity in the respect under consideration is the same as that of the original town.   The town of Hempstead, like other towns on Long Island, had no statutory origin, but was created a body politic, and at the same time vested with title to lands, by a patent from the colonial government of the New Netherlands, which was renewed and confirmed by patent under the English colonial government, and also confirmed by a colonial statute in 1691, and after the independence by the state constitution.   First Const. art. 36; North Hempstead v. Hempstead, 2 Wend. 110.   Such towns have from the beginning disposed of such lands by grant or lease by virtue of resolves by town meetings.   They needed no legislative authority for the purpose (Insurance Co. v. Stevens, 101 N. Y. 411, 5 N. E. 353); and in fact they existed before the legislature.   Some of them have also leased their lands through agents or trustees, pursuant to resolutions passed at town meetings delegating such power.   Furey v. Town of Gravesend, 104 N. Y. 412, 10 N. E. 698.   I see no reason why such corporate power could not be so delegated.   It is reposed by statute in none of the statutory officers of towns, and had to be exercised in every case either by the electors assembled in town meeting, or by agents of their appointment thereat.   Agents had necessarily to be appointed to exercise authority over the said lands in caring for them and collecting the rents, and I do not see any reason for holding that the town meetings were limited to delegating to them only that much power, and were unable to empower them to lease.   The corporate capacity in question existed independent of any statutory

47 N.Y.S.—15

authority, by virtue of the power implied in the said ancient patents, for they must have carried with them adequate power over the lands granted; and the later statutory authority to the electors in regular town meeting assembled to "take measures and give directions for the exercise of their corporate powers" (1 Rev. St. [9th Ed.] p. 733, § 24, subd. 4; Town Law, § 24), is comprehensive enough to embrace it, if that were necessary.

Judgment for defendant.